PER CURIAM.
We have for review the report of the referee in the above matter. No petition for review or cross-petition was filed. The referee’s report contained the following:
“SUMMARY OF ALLEGATIONS
Respondent was granted Letters Testamentary as Executor of the Estate of EMMA VOLK in Manatee County, Florida, on March 13, 1973. The Complaint against Respondent alleges that Respondent withdrew funds from said Estate in the amount of $19,990.80 over a period of time, commencing April 23, 1973 through August 24, 1975. The allegations of the Complaint charge appropriation to his own use said funds belonging to the Estate which said funds came into Respondent’s possession by virtue of his appointment as Executor.
On or about September 9, 1975, the Court ordered the Respondent to file an inventory and accounting in the Estate of EMMA VOLK. On or about September 26, 1975 the Court ordered Respondent to appear on September 30, 1975 and produce the Estate’s assets and show cause why he should not be removed as Executor. Thereafter, on or about October 3, 1975, the Court removed Respondent as Executor and ordered him to submit a full accounting by October 15, 1975, and to turn over to the newly appointed Administrator all assets of the Estate by October 20, 1975.
The accounting was filed on or about October 20, 1975, and the Respondent delivered the Estate’s assets to the newly appointed Administrator. Those assets consisted largely of Respondent’s personal Promissory Notes bearing interest at the rate of ten per cent (10%) per annum and being made payable to the Estate within thirty (30) days on demand. The principal on the Notes totaled $19,990.80, with accrued interest totaling an additional $3,086.54 at that time.
Written demand for payment was made and said Notes were not paid.
* * * sis * *
SUMMARY OF EVIDENCE
All of the allegations of the Complaint were admitted by Respondent except that his admission was to the effect that withdrawal of the funds was in the nature of a loan by the Estate to him. Testimony of Respondent was to the effect that funds were withdrawn from the Estate Account as a loan to him personally and was used for his personal use. Respondent’s testimony was to the effect that at the time the funds were withdrawn from the Estate Account he intended to repay same as a loan. A review of the documentary evidence (Respondent’s Exhibit A) shows that checks were drawn on the Estate Account to the Respondent some being marked on the face thereof as Attorney’s and Executor’s Fees, and as Par *775 tial Fees. One check in particular in the amount of $2500.00 was deposited in the account of DeSoto Memorial Motorcycles, being a business enterprise of the Respondent. The Respondent admitted in his testimony (Tr. 14) that this money was used in his business account..
All of the Notes executed by Respondent (Bar Exhibits 4 through 17) were in the exact amounts as the checks drawn to Respondent over the period of time aforementioned above and all of said Notes were executed at the same time, to-wit immediately prior to the filing of the inventory for the Estate as required by the Court.
I find no evidence from the testimony or the documentary evidence to substantiate Respondent’s theory that the funds were withdrawn in the nature of a loan to him from the Estate. A review of the testimony and of the documentary evidence discloses no intent to repay said funds at the time of withdrawal and, therefore, I have concluded that the funds were improperly withdrawn for the personal use and benefit of the Respondent.”
The referee recommended that the attorney be found guilty of violating the Code of Professional Responsibility and that he be disbarred from the practice of law. The recommendations of the referee are approved and David A. Rhodes is hereby disbarred from the practice of law.
Costs in the amount of $553.20 are taxed against David A. Rhodes.
It is so ordered.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents with an opinion.